HARRIS, J.
' The Final Judgment in this case lists the marital assets as adjacent Florida lots with mobile homes, three vacant lots in Florida, a second home in Tennessee, a 1992 Honda sedan, a 1990 Dodge truck, two boats, and various furnishings and personal possessions. Also listed as marital assets were the husband’s U.S. Civil Service Pension in the amount of $2,266.41 per month, social security payments of $187.00 per month, stock worth $1,350 and IRAs in the amount of $16,500. The wife was awarded the Tennessee home, the Honda, and her personal clothing; the husband was given his truck and his personal clothing. All other assets were to be divided evenly. In addition, the wife was awarded $1,250 per month permanent alimony. The husband appeals; we reverse.
The Final Judgment does not discuss the factors listed in section 61.075(1), Florida Statutes, which should be considered by the court in determining the division of marital property. Nor does the judgment indicate why the husband was not given credit for the twenty years service toward his pension before the parties were married. As worded, it appears that the wife will receive $1,250 per month alimony and one-half of the husband’s pension leaving the husband with practically nothing on which to survive.
The court needs to better explain why the wife is given the Tennessee residence but the husband is not awarded the Florida marital home. The court also needs to better explain why the husband’s entire pension is being divided and why, in addition, he is required to pay alimony.
REVERSED and REMANDED for further action consistent with this opinion.
DAUKSCH and THOMPSON, JJ., concur.